DAVID R. FARMER, J.,
dissenting.
I respectfully dissent from the majority. As stated in the majority opinion, in order for an owner or operator of premises to be held hable for negligence in allowing a dangerous or defective condition to exist on the premises, the plaintiff must prove, in addition to the elements of negligence, that the condition was caused or created by the owner or, if the condition was created by someone other than the owner, that the owner had actual or constructive notice that the condition existed prior to the accident. Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn.2004). It is alleged in the Plaintiffs’ complaint that Mr. Williams was walking down a set of steps on the golf course that were made of railroad crossties and that he fell due to the slippery surface of the step. Mr. Williams testified in his deposition that he evidently hit some mud and moss[1] on the stairs, which caused him to fall. He testified that it was “raining real, real hard at that time.” However, Mr. Williams recanted this testimony in a subsequent affidavit wherein he stated, “it may have been sprinkling, but it was not raining hard.” In response to the Defendant’s motion for summary judgment, the Plaintiffs filed affidavits of Arthur Overall and Larry Rees, both of whom were golfing with Mr. Williams. Mr. Overall stated that
it had been raining heavily early that morning, but at the time we were playing golf, there was a light drizzle if raining at all. As we approached the 8th hole, Jesse Williams, Sr., was walking down the steps when he slipped and fell. As I walked over to help Jesse Williams, Sr., I observed that there was Algae[2] and water all over the steps and that they were made of railroad ties and were very uneven and worn. The steps were very slippery.
Mr. Rees affidavit contained the identical language quoted from Mr. Overall’s affidavit. In response to interrogatories submitted by the Defendant, Mr. Williams states “I was walking down the steps at the golf course, and slipped on wet and mildew[3] steps.”
The affidavit of Sean Wells recites that he is the head golf professional and assis *298 tant general manager for Nashboro Golf Club. The stairs made of railroad ties were placed near the 8th green in the mid 1980s. Nashboro was not aware that there was alleged mud, moss or algae which caused the steps in question to be slippery on the date of Mr. Williams’ accident. The majority states “[gjiven the slippery nature of such moss and the time required for it to grow, this evidence tends to show that the moss on the steps constituted a dangerous condition, and that the conditions of the stairs was ‘a general or continuing condition.’ ” (Emphasis added.)
Having reviewed this record, I do not find that the Plaintiffs have established that the Defendant had either actual or constructive notice of a dangerous and defective condition. I find nothing in the record to support the majority’s conclusion with respect to the length of time required for the growth of moss, algae or mildew. I do not feel that this is a matter of which this Court can take judicial notice. Therefore, I would affirm the trial court’s grant of summary judgment in favor of the Defendant.

. Moss is described as "any of a class (Musci) of bryophytic plants having a small leafy often tufted stem bearing sex organs at its tip; also: a clump or sward of these plants.” Webster’s Ninth New Collegiate Dictionary 774 (1991).

. Alga is described as "any of a group (Algae) of chiefly aquatic nonvascular plants (as seaweeds, pond scums, and stoneworts) with chlorophyll often masked by a brown or red pigment.” Webster’s Ninth New Collegiate Dictionary 69 (1991).

.Mildew is described as "a superficial usu. whitish growth produced on organic matter or living plants by fungi (as of the families Erysiphaceae and Peronosporaceae).” Webster’s Ninth New Collegiate Dictionary 753 (1991).